IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

HAIRLAND CORPORATION

Debtor(s)

CASE NO. 17-00286 (ESL)

CHAPTER 11

OPINION AND ORDER

The *Motion to Sell Property of The Estate Free and Clear Under Section 363(f)* filed on November 20, 2024 ("*Motion to Sell Property*", dkt. #107) and the *Motion Requesting Entry of Order* filed on January 22, 2025 (dkt. #109) were referred to this judge on January 23, 2025. This late referral may have been because on March 7, 2018, a *Final Decree* was entered closing the case. See *Final Decree*, dkt. #104. As of this date no request for reopening of the case pursuant to 11 U.S.C. § 350(b) has been filed. Also, the counsel filing the motions before the court is not the attorney authorized by the court to represent the debtor corporation prior to the case being closed, and no request to assume representation has been filed.

The motion to sell property, although unopposed, is denied for two reasons: the case has not been reopened and the attorney appearing for the debtor corporation has not been authorized by the court to do so. In addition, the facts leading to the request to sell property, at this juncture, involve issues that should be first addressed by the courts of Puerto Rico. Therefore, the court exercises its discretion to engage in permissive abstention.

The *Motion to Sell Property* (dkt. #107) seeks an order allowing the brother of debtor's sole stockholder to purchase "all of debtor's assets free and clear of liens and third party interests", and alleges that debtor's sole stockholder has passed away; the debtor corporation is being administered by the brother of debtor's sole stockholder; the heirs of the sole stockholder are minor children whose mother has no interest in continuing the operation of the corporate debtor; and the total estimated market value of debtor's listed assets and equipment is $3,500.00. The

-1-

motion does not plead, identify or include a record of liens over the property therein described. In addition to the factual complexity and relevant state (Puerto Rico) law, there appears to be no significant benefit to the estate. The *Motion to Sell Property* (dkt. #107) is accompanied by the death certificate of debtor's Mr. Rafael Burgos López, debtor's sole stockholder (dkt. #107, p. 6), and the *Sworn Statement* of Lizza M. Diou Rovira, the mother of the sole stockholder's children, which states as follows: "I will not proceed to liquidate the assets left by Mr. Rafael Burgos López versus continuing to operate and pay the debts of the [the debtor]", and "I will not invest in a process of declaration of heirs and rejection of inheritance because there are no other assets to liquidate or distribute in favor of my children." dkt. # 107, p. 4, ¶¶ 2, 4. There being no objection to dkt. #107, the debtor filed the *Motion Requesting Entry of Order* on January 22, 2025 (dkt. #109)

Applicable Law and Discussion

Federal courts have jurisdiction over bankruptcy case pursuant to 28 U.S.C. § 1334, which provides that district courts have original and exclusive jurisdiction over "cases under title 11" and original but not exclusive jurisdiction over proceedings arising under, arising in, or related to cases under title 11. 28 U.S.C. § 1334(a), (b). Section 1334(c)(1) provides for permissive abstention and Section 1334(c)(2) provides for mandatory abstention. Section 1334(c)(1) gives the district court the power to abstain from core matters as well as "related to matters". 28 U.S.C. § 1334(c)(1).

Discretionary abstention applies to both core and non-core proceedings. See Ford v. Clement (In re Beckmeyer), 1999 Bankr. LEXIS 1879 *5, 1999 WL 33457767, *2 (Bankr. D. N.H. 1999). The issue of discretionary abstention may be raised by the court *sua sponte*. Id., at *12. "There is no clear standard or test that governs when a court should exercise its discretion to abstain from hearing a proceeding." Id., citing In re DiMartino, 144 B.R. 225, 226 (Bankr. D.R.I. 1992) ("discretionary abstention is difficult to concretize into bright-line tests or specific balancing tests"). There are various elements to take into consideration upon deciding whether or not to abstain pursuant to Section 1334(c)(1), one being the existence of state law claims in

relation to bankruptcy law claims. See Mec Steel Bldgs v. San Lorenzo Constr. Corp. (In Re Mec Steel Bldgs.), 136 B.R. 606, 611 (1992). However, "[t]he statute itself delineates 'three ... criteria to determine whether abstention is appropriate': the interests of justice, comity, and respect for state law." New Eng. Power and Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 69-70 (1st Cir. 2002), citing In re Pan Am. Corp., 950 F.2d at 845. "Other circuits have considered several factors in the determination of whether permissive abstention is appropriate, including: 'the extent to which state law issues predominate over bankruptcy issues'; 'the presence of a related proceeding commenced in state court or other nonbankruptcy court'; and 'the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.' " Id. See also CH Props. v. Comite de Vecinos de Isla Verde (In re CH Props.), 381 B.R. 20 (Bankr. D.P.R. 2007).

Additionally, the courts may consider the following factors: " '(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of nondebtor parties.' " Flores Rivera v. Telemundo Group, 133 B.R. 674, 677 (D.P.R. 1991).

The predominance of state law over inheritance matters and its effect on the administration of the debtor corporation would move this court to discretionally abstain if the matter would have been properly presented. Therefore, the *Motion to Sell Property* (dkt. #107) is denied. This court's

order does not bar the debtor corporation from selling the property in accordance with Puerto Rico law.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of January 2024.

Enrique S. Lamoutte
United States Bankruptcy Judge